UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY GANTER** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| vs. ) | |
| ) | **CIVIL COMPLAINT** |
| **VANDENBERG, CHASE AND** ) | |
| **ASSOCIATES, LLC f/k/a** ) | |
| **ROSENTHAL, STEIN AND** ) | **JURY TRIAL DEMANDED** |
| **ASSOCIATES, INC.** ) | |
| ) | |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Anthony Ganter, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Anthony Ganter, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Anthony Ganter is an adult natural person residing at 2925 Sage Street #2, Colorado Springs, CO 80907. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Vandenberg, Chase and Associates, LLC f/k/a Rosenthal, Stein & Associates, Inc ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Colorado and Georgia with an office located at 887 West Marietta Street NW, Suite J-102, Atlanta, GA 30318 and a registered address of 7208 Red Top Road, Hummelstown, PA 17036.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around June 23, 2010, the Defendant began contacting the Plaintiff's mother.

8. The Defendant's agent, "Mr. Ross," disclosed the Plaintiff's personal information to the Plaintiff's mother, without permission to do so, causing problems between the Plaintiff and the Plaintiff's mother.

9. The Plaintiff's mother was frightened by the way the agent of the Defendant was threatening to "go after" the Plaintiff.

10. The Defendant's agent, "Mr. Ross," spoke to the Plaintiff's mother in a rude and condescending tone as if she were a child and did not understand what the agent was saying or what was going on.

11. The agent of the Defendant told the Plaintiff's mother that the Plaintiff fraudulently took out a loan and implied that the Plaintiff would be arrested.

12. The Plaintiff's mother informed the Plaintiff's girlfriend of the phone call in fear something was going to happen to the Plaintiff.

13. The Plaintiff's girlfriend then contacted the Defendant to question what was happening.

14. The Defendant's agent, "Ms Kilgore," told the Plaintiff's girlfriend the Plaintiff's personal information without being asked and prefaced the statement by saying, "I'm not supposed to do this but…" and continued to do so.

15. The Defendant has continuously contacted the Plaintiff and the Plaintiff's mother at least four times a day after being told to stop further contact.

16. The Plaintiff has spoken with the Defendant since the first contact the Defendant had with the Plaintiff's mother, however, the Defendant continues to contact the Plaintiff's mother after being told to stop contact with anyone other than the Plaintiff himself.

17. The Defendant informed the Plaintiff that if the Plaintiff did not pay the alleged debt of $400 by June 30, 2010 the amount will then continue to double and even triple if not paid.

18. The Plaintiff asked the Defendant if they could arrange a payment plan since the Plaintiff is struggling monetarily but the Defendant refused.

19. The Defendant continues to call leaving automated messages of the Plaintiff's answering machine.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(1): | Contact of Third Party: Failed to identify themselves, or failed to state |
| §§ 1692b(2): | Contact of Third Party: State that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |

| | |
|---|---|
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Rosenthal, Stein & Associates, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                         **Respectfully submitted,**

                                         **WARREN & VULLINGS, LLP**

**Date: October 8, 2010**          **BY:***/s/ Bruce K. Warren*
                                         Bruce K. Warren, Esquire

                                        **BY:** */s/ Brent F. Vullings*
                                           Brent F. Vullings, Esquire

                                           Warren & Vullings, LLP
                                           1603 Rhawn Street
                                           Philadelphia, PA  19111
                                           215-745-9800    Fax 215-745-7880
                                           Attorneys' for Plaintiff